JUDGMENT
This action by application to the Superior Court for a reassessment of damages and benefits by the Commissioner of Transportation of the State of Connecticut. The premises taken by the Commissioner are located in the Towns of Danbury and Ridgefield, bounded and described as follows:
Parcel No. 1, located in said Towns of Danbury and Ridgefield, on the westerly side of Present Starrs Plain Road, at Present Laurel Lane, containing 50.8 acres, more or less, and bounded:
EASTERLY — by Present Starrs Plain Road, 974.08 feet;
SOUTHEASTERLY — by Present Laurel Lane, 506.61 feet;
EASTERLY AGAIN — by Present Laurel Lane, 437.07 feet;
SOUTHERLY, — by Present Laurel Lane and land now SOUTHEASTERLY or formerly of Paul C. Ryan et al AGAIN each
AND SOUTHERLY AGAIN in part, a total distance of 882.97 feet;
GENERALLY WESTERLY — by lands now or formerly of Anna C. Backman and of Marie Ullman, each in part, a total distance of 281.94 feet;
NORTHWESTERLY — by land now or formerly of A. Bacchiochi Sons, 200.74 feet;
SOUTHWESTERLY, — by said land now or formerly of A. WESTERLY AGAIN AND Bacchiochi Sons, 727.61 feet; NORTHWESTERLY AGAIN
SOUTHERLY AGAIN — by said land now or formerly of A. Bacchiochi Sons, 44.72 feet;
WESTERLY AGAIN — by land now or formerly of Recreation Development Corp., 759.92 feet;
NORTHERLY — by land of the State of Connecticut (D.O.T.), 75.71 feet; CT Page 10803
NORTHWESTERLY AGAIN — by said land of the State of Connecticut (D.O.T.), 322.00 feet;
NORTHERLY AGAIN, — by said land of the State of NORTHEASTERLY, AND Connecticut (D.O.T.) and land now or NORTHERLY AGAIN formerly of Nash Road Land Corp., each in part, a total distance of 1185.90 feet.
Parcel No. 2, located in said Town of Danbury, on the easterly and southeasterly side of present Laurel Lane, containing 2.57 acres, more or less, and bounded:
WESTERLY AND — by Present Laurel Lane, a total NORTHWESTERLY distance of 615.89 feet;
EASTERLY AND — by land now or formerly of Lyman NORTHEASTERLY Bazley, 437.30 feet;
SOUTHEASTERLY — by land now or formerly of John B. Curran, Trustee, 373.52 feet.
And said two parcels contain a total area of 53.37 acres, more or less, together with all appurtenances, all of which more particularly appears on a map entitled: "Towns of Danbury and Ridgefield, Map Showing Land Acquired From James D. Greene et al by The State of Connecticut, Relocation Of U.S. Route 7, Scale 1"=100', July 1987, Robert W. Gubala, Transportation Chief Engineer — Bureau of Highways." (34 117) 116-99-1. This is a total take.
Said premises are taken together with all the Owners' right, title and interest in and to a certain 20-foot right of way located upon land now or formerly of Recreation Development Corp. as contained in Instruments dated July 16, 1980, and recorded in Volume 271 at Page 262 of the Ridgefield Land Records and Volume 640 at Page 439 of the Danbury Land Records.
The premises taken herein are the same as those contained in a Warranty Deed dated May 26, 1978, and recorded in Volume 253 at Page 175 of said Ridgefield Land Records. and damages, came to this Court on January 31, 1989, and thence to the present time, when the parties appeared and were at issue as on file, and when all the evidence having been submitted, the Court returned its verdict as follows:
The plaintiffs have received $2,194,000 from funds paid CT Page 10804 into the court by the State of Connecticut and thus have been paid $430,548 in excess of the damage they have sustained. They are ordered to repay that amount to the State of Connecticut.
WHEREUPON it is adjudged that the Plaintiff repay to the State of Connecticut $430,548 in excess of damage sustained.
K. E. Dougherty Trial Assistant Clerk